*239 REHEARING.
Wheeubr, J.
A reconsideration of our opinion in these cases is ashed upon the argument and authorities contained in a brief of one of the counsel for (lie appellant which had been submitted with One of the. cases, but which was not before ns when our opinion was given in the others.*
It was denned sufficient to notice the objections to the judgment urged by counsel in the brief which was before us. We have now considered the argument which '.as licen brought to our attention in the replication for a.rehearing, and while it requires further notice, and a different answer to the question presented, it does not change the conclusion at which we formerly arrived.
It is deemed sufficient to dispose of the objection now presented that in our opinion it was not necessary that the indictment should have been signed by the attorney of the State. It is essential to the validity of an indictment that it bo signed by the foreman of the, grand jury, hut neither the common law or any provision of our statute law of which wo are aware requires signing by the prosecuting officer of the State. It does not enter into the constituents of an indictment as' given in the common-law treatises concerning its form and requisites.
Reference is made by counsel to certain American eases,’ particularly to a case in Tennessee, in which it is said to have been held that the signature of the proper law officer was necessary. The cases are not accessible. But we have access to an early statute of that State which may well have warranted the decision. (Scott’s Laws of Tenn., 177, ch. 30.) How far similar decisions in other States may be founded on statutes we have not the means of knowing. We, however, ihui that in North Carolina and Virginia this question has been determined in accordance with the view we have expressed. It has there been said “That indictments should he sanctioned by the finding of a grand jury, “and signed by their foreman as the best evidence of their being so found, is “essential t.o their validity, but neither the common law nor any statute “that we know of requires them to be signed by the attorney general. An “indictment legally framed in other respects would not be bad by hot being “signed by the prosecuting officer. (Per Taylor, C. J., 6 Wheeler’s Am. Com., L. 17.)
The signal ure of the district attorney to the. indictment is proper, but we do not think it indispensable; and if a signature other than that of the proper officer he attached, it may he rejected as surplusage. Consequently its presence or absence in any case, and whether the signature annexed in the present case he that of the proper district attorney of the district or not, does not affect the validity of the indictment. It is unnecessary to inquire whether we can judicially take notice that the signature is not that of the proper distinct attorney, or whether, if the person acting was district attorney de facto, acting by appointment of tile court in which the indictment was preferred, his authority to exercise the. functions of the office can now ho inquired into with the view to invalidate his acts. It is sufficient to dispose of the question as now presented that we are not informed by the record — the mere signature attached to the indictment in the light in which we view it not affording ns judicial information — that tiie indictment was not, in fact, preferred in a proper manner and by competent authority. The application for a rehearing is discharged.
Judgment affirmed.
Note 86. — Pierce v. The State, 12 T., 210.

 Note. — The Reporter found no briefs for the appellants on file.